STEELE LLP
Edgar C. Smith, State Bar No. 5506
3571 Red Rock St.
Suite A
Las Vegas, Nevada 89103
Telephone: 702.505.4291
Email:  esmith@steelellp.com

Attorneys for Defendant
MTC FINANCIAL INC. dba TRUSTEE CORPS

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GOLDEN CREEK HOLDINGS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>MTC FINANCIAL INC. dba TRUSTEE CORPS, a corporation; U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF2 ACQUISITION TRUST, a national banking association,<br><br>Defendants | Case No.: 2:24-cv-00177-RFB-NJK<br><br>**DEFENDANT MTC FINANCIAL INC. dba TRUSTEE CORPS' MOTION TO DISMISS COMPLAINT OF PLAINTIFF GOLDEN CREEK HOLDINGS, INC., a Delaware corporation**<br><br>**[Rule 12(b)(6)]**<br><br>[Filed Concurrently with Request for Judicial Notice] |

**TO THE HONORABLE COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN**:

Pursuant to Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6), defendant MTC Financial, Inc. d/b/a Trustee Corps. respectfully moves this Court for an order dismissing the complaint on file for failure to state a claim upon which relief may be granted:

1. As to the entire Complaint and all causes of action asserted therein, pursuant to FRCP 8(a)(2) and 12(b)(6), for failure to plead sufficient factual content and/or state a claim



1. against Trustee Corps upon which relief may be granted;

2. As to Plaintiff's SECOND[1] cause of action for "Declaratory Judgment" pursuant to FRCP 8(a)(2) and 12(b)(6), for failure to plead sufficient factual content and/or state a claim against Trustee Corps upon which relief may be granted;

3. As to Plaintiff's THIRD cause of action for "Injunctive Relief" pursuant to FRCP 8(a)(2) and 12(b)(6), for failure to plead sufficient factual content and/or state a claim against Trustee Corps upon which relief may be granted;

4. As to Plaintiff's FOURTH cause of action for "Violation of NRS 107.028" pursuant to FRCP 8(a)(2) and 12(b)(6), for failure to plead sufficient factual content and/or state a claim against Trustee Corps upon which relief may be granted; and,

5. As to Plaintiff's FIFTH cause of action for "Wrongful Foreclosure," pursuant to FRCP 8(a)(2) and 12(b)(6), for failure to plead sufficient factual content and/or state a claim against Trustee Corps upon which relief may be granted.

Dated this 12th of March 2024.

Respectfully submitted,

By: */s/ Edgar C. Smith, Esq.*
STEELE, LLP
Edgar C. Smith, Esq.
Counsel for *MTC FINANCIAL INC. dba TRUSTEE CORPS*

///

///

///

///

///

---

[1] MTC Financial is not named as a defendant in the First Claim for Relief.

DEFENDANT MTC FINANCIAL INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
2

# TABLE OF CONTENTS

**Page No.**

I. INTRODUCTION……………………………………………………………..4

II. STATEMENT OF FACTS AND PROCEDURAL HISTORY…………......5

III. LEGAL STANDARD...……………………………………………….....5

IV. LEGAL ARGUMENT..…………………………………………………....7

    a. Plaintiff Has Not Adequately Alleged Facts Showing More than Ten Years has Lapsed Since the Beneficiary Accelerated the Loan……………………...7

    b. Plaintiff Has Not Adequately Alleged Facts Showing the Beneficiary Does Not Own the Promissory Note Secured by the Deed of Trust……………......9

    c. Plaintiff Has Not Adequately Pled Facts To State a Claim for Injunctive Relief, Declaratory Relief, Violation of NRS 107.028, or Wrongful Foreclosure …………………………………………………………………………..10

V. CONCLUSION……………………………………………………….....12

# 

## TABLE OF AUTHORITIES

## **MEMORANDUM OF POINTS AND AUTHORTIES**

Defendant MTC Financial Inc. dba Trustee Corps ("Trustee Corps") submits this Memorandum of Points and Authorities in Support of its Motion to Dismiss the Plaintiff's complaint pursuant to Federal Rules of Civil Procedure ("FRCP") 8(a)(2) and 12(b)(6), on the grounds that Plaintiff's Complaint fails to sufficiently state any claim against Trustee Corps. upon which relief may be granted.

## I.    INTRODUCTION

Trustee Corps was substituted as trustee under a deed of trust and at the direction of the beneficiary, recorded, published and posted Notice of Default and Notice of Sale, and is in the process of foreclosing on the subject deed of trust.

Plaintiff contends that "at all relevant time herein, Plaintiff is, and was … the owner of [the subject] real property." The truth is something different. Public records show Plaintiff acquired title by quitclaim deed from F. Bouderant, LLC on March 13, 2019 for the stated consideration of $1.00.[2] The deed of trust "recorded against the Subject Property … on December 1, 2005 as instrument number 20051201-0004963." (*Plaintiff's Complaint,* P.2, ¶5)

Plaintiff is not the borrower nor the trustor. The trustor is one "Bobby Stiles" who has not been joined. Plaintiff, a new corporate entity, did not assume the debt, and does not allege it has made any payments on the secured debt. The corporate owner has no familial relationship with the borrower.

Against this backdrop, Plaintiff baldly asserts that the assignee of the deed of trust "… is not in possession of the original promissory note endorsed in blank and, therefore, is not the present owner of said promissory note." (*Id.* At P.2, ¶7)

Plaintiff also contends that because the loan was accelerated "… in or about 2011, and/or 2012 and/or April 2013, pursuant to an acceleration letter that Defendant's predecessor, Bana

---

[2] According to public records, the managing member of F. Bouderant, LLC is Joseph Hong, the Plaintiff's counsel. Please see Exhibit H to the Request for Judicial Notice.



(*sic*) sent to the original borrower…" and that because more than 10 years elapsed after the debt came due and before the sale, the deed of trust "expired." (*Id.*, P.3, ¶¶ 8, 9) The alleged acceleration letter is not attached to the complaint as an exhibit, so what it actually says is open to Plaintiff's skill with quoting hearsay.

Both of these allegations are legal conclusions, unsupported by competent factual evidence. For these reasons, and for the reasons set forth below, Plaintiff's entire Complaint should be dismissed as to Trustee Corps with prejudice.

## II.     STATEMENT OF FACTS AND PROCEDURAL HISTORY

Bobby Stiles obtained a loan for $280,000 from Bank of America, N.A. on November 22, 2005. Bobby Stiles held title to 343 Perry Ellis Dr., Henderson, NV 89014 as his sole and separate property. The deed of trust recorded against the property on December 1, 2005 in Book 20051201 as Instrument No. 0004963, official records of Clark County, Nevada.[3]

MERS assigned the deed of trust to Countrywide Home Loans by written assignment recorded on May 26, 2009 in Book 20090526 as Instrument No. 0001672, official records of Clark County, Nevada. Bank of America, N.A., as the successor by merger with Countrywide Home Loans, assigned the deed of trust to U.S. Bank Trust National Association, as Trustee by written assignment recorded on May 25, 2023 in Book 20230525 as Instrument No. 0001397, official records of Clark County, Nevada.[4] Defendant Trustee Corps recorded the Notice of Breach on August 24, 2023, in Book 20230824 as Instrument No. 0001266. Trustee Corps recorded the Notice of Sale on December 11, 2023.[5] This action was commenced on December 14, 2023.[6] The foreclosure sale has not yet taken place.

## III.    LEGAL STANDARD

Pursuant to the provisions of Rule 12(b)(6), a motion to dismiss will be granted where the plaintiff can prove no set of facts in support of their claim that would entitle them to relief.

---

[3] True copies of the Note (endorsed in blank) and the Deed of Trust are attached to the Request for Judicial Notice ("RJN") as Exhibits A and B.
[4] True copies of these assignments are attached as Exhibits C and D, RJN.
[5] True copies of the Notice of Breach and the Notice of Sale are attached as Exhibits E and F, RJN.
[6] A true copy of the Complaint is attached as Exhibit G, RJN.



1  *Conley v. Gibson*, 355 U.S. 41, 45-45-46 (1957). Rule 12(b)(6) allows for the dismissal of a
2  claim either where the claim lacks a cognizable legal theory or where insufficient facts are
3  alleged to support the plaintiff's theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696,
4  699 (9th Cir. 1988). To survive a Rule 12(b)(6) motion, plaintiff's complaint must contain
5  factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl.*
6  *Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

7       When resolving a Rule 12(b)(6) motion, a court shall construe the complaint in the light
8  most favorable to the plaintiff and accept all well-pled factual allegations as true. *Cahill v.*
9  *Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Although, the court is not required
10 to give credit to "conclusory allegations of law and unwarranted inferences." *Jet Source*
11 *Charter, Inc. v. Gemini Air Grp., Inc.*, No. 07CV433 JLS (JMA) (2007), 2007 U.S. Dist.
12 LEXIS 85308, at *4-6 (S.D. Cal. Nov. 19, 2007); see also *United States ex rel. Chunie v.*
13 *Ringrose*, 788 F.2d 638, 643 n. 2 (9th Cir. 1896) (Courts "need not assume the truth of legal
14 conclusions cast in the form of factual allegations"). The frivolous claims against Defendant
15 Trustee Corps are based on meritless allegations or unsupported legal theories and may be
16 dismissed by the Court. See *Neizke v. Williams*, 490 U.S. 319, 327 (1989).

17      In addition, a complaint must also contain a "short and plain statement of the claim
18 showing that the pleader is entitled to relief." FRCP 8(a)(2). This standard "does not required
19 detailed factual allegations, but it demands more than an unadorned, the defendant-unlawfully-
20 harmed-me accusation." Ashcroft v. *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550
21 U.S. at 555). In assessing whether Rule 8(a)(2) has been satisfied, a court must first identify the
22 elements of the plaintiff's claim(s) and thereafter determine whether the necessary elements
23 could be proven on the facts pled. In general, the court should draw all reasonable inferences in
24 the plaintiff's favor; however, it need not accept "naked assertions devoid of further factual
25 enhancement." *See Sheppard v. David Evans and Assocs.*, 694 F.3d 1045, 1051 (9th Cir.
26 2012); *see also*, *Iqbal*, 556 U.S. at 678 (citations omitted).
27 ///
28 ///

## IV. LEGAL ARGUMENT

### A. Plaintiff Has Not Adequately Alleged Facts Showing More than Ten Years has Lapsed Since the Beneficiary Accelerated the Loan.

"A foreclosure sale is the sale of real property to enforce an obligation secured by a mortgage or lien on the property, "including the exercise of a trustee's power of sale pursuant to NRS 107.080." NRS 40.427; *see also, SFR Invs. Pool 1, LLC v. Fannie Mae*, 2024 U.S. Dist. LEXIS 11653, *10 (U.S. Dist. Ct. Nev. 2024). Plaintiff has failed to allege any facts showing that Trustee Corps should not be permitted to exercise the power of sale in accordance with the beneficiary's instructions. The sale is authorized by law upon the declaration of a default, and Plaintiff does *not* allege that it has cured the default; or that the loan has been paid to current status; or that the loan is paid off. The inference is that the loan is in default and therefore non-judicial foreclosure is the proper legal remedy.

Plaintiff also fails to allege any facial defect to the deed of trust; or that the power of sale is incomplete; insufficient; or otherwise defective in reciting the conveyance of the power of sale to the beneficiary's trustee.

Plaintiff relies on NRS 106.240, which provides that the lien created by a trust deed terminates at the expiration of 10 years after the debt becomes due according to the terms of the trust deed or any written extension thereof. NRS 106.240 raises a conclusive presumption that the debt has been satisfied and the lien discharged.

Plaintiff contends the loan was accelerated "… in or about 2011, and/or 2012 and/or April 2013, pursuant to an acceleration letter that Defendant's predecessor, Bana (*sic*) sent to the original borrower…" and that because more than 10 years elapsed after the debt came due and before the sale, the deed of trust 'expired.'" (Exhibit G, RJN, P.3, ¶¶ 8, 9). This allegation – even if true - is insufficient to raise the presumption and so the legal theory fails.

Plaintiff has no other facts to support his claim. There is no public record of a recorded notice of breach by the beneficiary or its sale trustee during those years. Plaintiff is even silent about whether the borrower committed a default. There is no public record of the lender



accelerating the loan at any time before August 24, 2023 when the Notice of Breach was recorded. That is a fatal omission in the complaint.

In *Daisy Trust v. Fannie Mae,* 2022 U.S. App. LEXIS 8028 (9th Cir. March 24, 2022), the Ninth Circuit confronted the issue of whether the notice of acceleration must be recorded to trigger the conclusive presumption that the loan was paid, and the lien discharged:

> "This appeal turns on whether an <u>unrecorded</u> notice of acceleration can trigger the ten-year statutory clock provided by [NRS] 106.240 and extinguish a deed of trust. The district court granted Fannie Mae's motion to dismiss, holding that an unrecorded notice cannot trigger this provision. We have jurisdiction under 28 U.S.C. § 1291, and we affirm."

*Daisy Trust v. Fannie Mae*, 2022 U.S. App. LEXIS 8028, *2, (*Emphasis in original*)

In *SFR Invs. Pool 1, LLC v. Nationstar Mortgage, LLC,* 2023 U.S. Dist. LEXIS 173994, *16, the U.S. District Court for Nevada, citing *Daisy Trust*, noted,

> "Plaintiff's alternative argument, that Defendants declared the loan wholly due before recording the First NOD, is implausible on its face. See *Daisy Tr. v. Fed. Nat'l Mortg. Ass'n*, No. 21-15595, 2022 U.S. App. LEXIS 8028, 2022 WL 874634 (9th Cir. Mar. 24, 2022) (stating "an unrecorded acceleration notice . . . is legally irrelevant" when determining whether a loan is wholly due under NRS 106.240). Even assuming this contention is true, the terms of the Deed of Trust do not allow acceleration until after the lender has provided the borrower with notice and an opportunity to cure."

*SFR Invs. Pool 1, LLC v. Nationstar Mortg. LLC,* 2023 U.S. Dist. LEXIS 173994, *16

As in the cited case, the Stiles Deed of Trust does not allow acceleration until after the lender gives notice to the borrower and allows 30 days in which to cure the default. (RJN, Exhibit B, ¶ 22, P.13 of 15) The lender in *SFR* could not accelerate the loan without giving the borrower an opportunity to cure. The same facts and inference arise in this case. Plaintiff does not allege that the beneficiary or its agents failed to notify the borrower and provide an opportunity to cure. The "letter" alluded to in the Complaint is at best, the notice to the borrower of the 30 days in which to cure, or risk acceleration of the loan. The letter, such as it may be, is irrelevant, and Plaintiff has no competent evidence or facts to show NRS 106.240 was triggered

at any time before this foreclosure sale was noticed.[7] Accordingly, the presumption does not apply, and the Plaintiff's complaint fails to state a claim based on the alleged acceleration letter.

### B. Plaintiff Has Not Adequately Alleged Facts Showing the Beneficiary Does Not Own the Promissory Note Secured by the Deed of Trust.

"In Nevada, 'perfection of a deed of trust occurs upon proper execution and recordation." *In re Madrid*, 725 F.2d 1197, 1200 (9th Cir. 1984), *superseded by statute on other grounds*, Bankr. Amendments & Fed. Judgeship Act of 1984, Pub. L. No. 98-353, 98 Stat. 333, *as recognized in In re Ehring*, 900 F.2d 184, 187 (9th Cir. 1990). Thus, a security interest attaches to the property as between the mortgagor and mortgagee upon execution and as against third parties upon recordation." *Montierth v. Deutsche Bank (In re Montierth)*, 131 Nev. 543, 546-547 (2015). The deed of trust is perfected as to all parties, named and unnamed, since the recording of the deed of trust on December 1, 2005. "The Restatement specifies that foreclosure is not impossible if there is either a principal-agent relationship between the note holder and the mortgage holder, or the mortgage holder 'otherwise has authority to foreclose in the [note holder]'s behalf.' See Restatement (Third) of Prop.: Mortgages § 5.4 cmts. c, e (1997). We agree with the Restatement's reasoning." *Id.,* 131 Nev. 543, 547. Therefore, any authorized agent of the beneficiary may proceed with the foreclosure.

"If an instrument is endorsed 'in blank,' it becomes a bearer instrument, meaning that anyone who possesses or "bears" it is its holder. Nev. Rev. Stat. § 104.3205(2) (2011). And if a bearer instrument, it can be "negotiated by transfer of possession alone . . . . *Id*." *In re Phillips*, 491 B.R. 255, 270 (U.S. Bankruptcy Court, Dist. Of Nevada, 2013). In either event, the Plaintiff has alleged no facts suggesting that the lender did not actually possess the note at all relevant times.

"In order to survive a motion to dismiss for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

---

[7] *See,* Printout of County Recorder Records, RJN, Exhibit I.



*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Conclusions or "naked assertions" are not enough. *Id*. at 678 (cleaned up). Factual allegations must cross "the line between possibility and plausibility of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (cleaned up). *Al-Saadoon v. Barr*, 973 F.3d 794, 804 (8th Cir. 2020)   Plaintiff has not met the standard.

Further, the holder of the note is the one who must prove it has the right to enforce the note, not the foreclosure sale trustee.  The resolution of that issue does not require Trustee Corps remain a party to the action. Plaintiff has failed to allege facts showing a plausible legal theory that implicates Trustee Corps for liability.

**C.     Plaintiff Has Not Adequately Pled Facts To State a Claim for Injunctive Relief, Declaratory Relief, Violation of NRS 107.028, or Wrongful Foreclosure.**

The Second Claim for Relief for Declaratory Judgment, the Third Claim for Relief for Injunctive Relief are remedies, not causes of action:

> "First, injunctive relief is a remedy, not an independent cause of action. *See, e.g., Lorona v. Ariz. Summit Law School, LLC*, 151 F.Supp.3d 978, 997 (D. Ariz. 2015) ("[Declaratory and injunctive relief] are remedies, not independent causes of action.") (citation omitted); *7321 Wandering St. Trust v. New Residential Mortg. Loan Trust 2020-NPL2*, No. 2:21-cv-01193, 2022 U.S. Dist. LEXIS 42530, 2022 WL 717577, at *2 (D. Nev. Mar. 10, 2022) (noting that [*15]  "injunctive relief is not an independent cause of action; rather it is a remedy for another viable cause of action"); *Ward v. City of Henderson Nev.*, 2:20-cv-02331, 2021 U.S. Dist. LEXIS 96834, 2021 WL 2043937, at *5 n. 46 (D. Nev. May 21, 2021) (noting that "it is well-settled that a claim for 'injunctive relief' standing alone is not a cause of action; injunctive relief is a remedy")

*6344 Legend Falls Trust v. Nat'l. Default Servicing Corp*., 2023 U.S. Dist. LEXIS 113187, *14-15 (June 29, 2023).   Both the Second and Third Claims fail to state a claim for relief against this Defendant.

The Fourth Claim for Relief alleges that "Defendant Mtc, by recording the 2023 NOD and thereafter the notice of trustee's sale, violated the applicable provisions of NRS Chapter 107, 106 and/or 205." (RJN, Complaint, Ex. G, ¶ 34).  Plaintiff does not articulate why recording the notice of default or notice of sale violated these statutes, or even which provisions were violated



in these three comprehensive chapters, but then also asserts Plaintiff suffered damages by not realizing a windfall, by Trustee Corps' conduct. (*Id.*, at ¶ 35).   Plaintiff has not articulated facts, but legal conclusions and so has failed to plead this claim in accordance with the standards established by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).   The Fourth Claim for Relief therefore fails to state a claim upon which relief may be granted to Plaintiff and against Trustee Corps.

     Plaintiff alleges "wrongful foreclosure" in the Fifth Claim for Relief. In *6344 Legend Falls Trust v. Nat'l. Default Servicing Corp.* 2023 U.S. Dist. LEXIS 113187 (June 29, 2023), Judge Navarro granted National Default Servicing Corporation's Motion to Dismiss Mr. Hong's complaint, which alleges all of the same allegations appearing in this case: the foreclosing beneficiary was not in possession of the original promissory note.   Further the foreclosure was barred by NRS 106.240.   Plaintiff alleged the sale trustee violated NRS 107.028. *Id.* @*6.

The court noted,
> "A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6)) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant [*9] has acted unlawfully." *Id.*

*6344 Legend Falls Trust v. Nat'l Default Servicing Corp.*, 2023 U.S. Dist. LEXIS 113187, *8-9

     Here the Plaintiff's counsel has simply parroted the same dubious legal theories he put forth in the *Legend Falls* case.  The claims are dubious because they are devoid of factual content and littered with legal conclusions.

     Plaintiff's Fifth Claim for Relief for "wrongful foreclosure" also fails.

> "A claim for wrongful foreclosure requires that (1) defendants exercised a power of sale or foreclosed on plaintiff's property, and (2) at the time the power of sale was exercised, there was no breach of condition or failure of performance by [the plaintiff] that would



11

have authorized foreclosure. *See Turbay v. Bank of Am., N.A.*, 2:12-cv-1367, 2013 U.S. Dist. LEXIS 36969, 2013 WL 1145212, at *4 (D. Nev. Mar. 18, 2013) (citing *Collins v. Union Fed. Sav. & Loan Ass'n*, 99 Nev. 284, 662 P.2d 610, 623 (Nev. 1983)). Defendants note, and Plaintiff does not refute, that no foreclosure sale has occurred. Rather, Plaintiff argues only that a foreclosure sale may occur in the future. (FAC ¶ 30 ("To the extend Defendants proceed with a foreclosure sale . . . the sale would be wrongful.")). Because Plaintiff cannot allege a wrongful foreclosure sale until a foreclosure sale occurs, Plaintiff's claim is untenable. *See Davis*, 66 F.Supp.2d at 1114.

*6344 Legend Falls Trust v. Nat'l Default Servicing Corp.*, 2023 U.S. Dist. LEXIS 113187, *15

The same logic applies here.  There is no allegation that a sale has occurred, and so the Plaintiff's claim is "untenable." *Id.*

Plaintiff's Fourth Claim for Relief for "Violation of NRS 107.028" against Trustee Corp also fails.  As in *Legend Falls,* Plaintiff contends that the sale trustee will actually conduct the sale, and so is liable under NRS 107.028.

> "As mentioned, no foreclosure sale has occurred. Plaintiff therefore seeks to hold NLN liable under NRS 107.028 because it may in the future conduct a foreclosure sale that has not occurred. However, Plaintiff cites no legal authority holding that a trustee's potential future conduct could serve as a basis for finding the trustee violated NRS 107.028.
>
> Plaintiff's second theory of liability fails because a trustee is in violation of NRS 107.028 if the trustee does not act impartially and in good faith. *See* Nev. Rev. Stat. § 107.028 ("The trustee shall act impartially and in good faith with respect to the deed of trust and shall act in accordance with the laws of this State."). Plaintiff does not allege that NLN failed to act impartially and in good faith or failed to act in accordance with state law. Thus, the Court finds that there is no "possibility that a state court would find that the complaint states a cause of action against" NLN. *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009) (quotation marks omitted). Accordingly, the Court denies Plaintiff's Motion to Remand.

*6344 Legend Falls Trust v. Nat'l Default Servicing Corp.*, 2023 U.S. Dist. LEXIS 113187, *16-17.  The same result follows here.  The Plaintiff does not allege the sale has occurred, or that NRS 107.028 imposes penalties for the sale trustee's alleged future conduct.  Nor is there any allegation that Trustee Corps failed to follow state law or failed to act impartially.  For the same reasons as in *Legend Falls,* the Fourth Claim for Relief also fails.

## V.  CONCLUSION

The Plaintiff objected to Trustee Corp's declaration of non-monetary status.  Trustee Corps has had to file a Motion to Dismiss to address the same previously-rejected arguments



12

Plaintiff made to Judge Navarro.  The Plaintiff's complaint is devoid of actual facts showing any wrongdoing by Trustee Corps.  But it is littered with conclusions liberally sprinkled in all the places where Plaintiff should have actually alleged specific facts to support its claims.

    Declaratory Relief and Injunctive Relief are remedies, not causes of action, so they can be readily disposed.  The claim for Wrongful Foreclosure fails as there has been no foreclosure.  The claim for the trustee's alleged violations of NRS 107.028 are again devoid of any facts showing that Trustee Corps did not act impartially or disregarded Nevada law by recording the Notice of Default and the Notice of Sale.  For these reasons, Plaintiff respectfully requests that the Court dismiss this action, with prejudice, against the Plaintiff and in favor of Trustee Corps.

Dated this 12th of March 2024.

Respectfully submitted,

By: */s/ Edgar C. Smith, Esq.*
STEELE, LLP
Edgar C. Smith, Esq.
Counsel for *MTC FINANCIAL INC. dba TRUSTEE CORPS*

# PROOF OF SERVICE

I, Mathew Kane, declare:

I am a citizen of the United States and employed in Clark County, Nevada. I am over the age of eighteen years and not a party to this action. My business address is 3571 Red Rock St., Las Vegas, NV 89103. On March 12, 2024, I caused to be served a copy of the following document(s):

**DEFENDANT MTC FINANCIAL INC. dba TRUSTEE CORPS' MOTION TO DISMISS COMPLAINT OF PLAINTIFF GOLDEN CREEK HOLDINGS, INC., a Delaware corporation - [Rule 12(b)(6)]**

☐  By transmitting via electronic filing the document(s) listed above using my email address (mkane@steelellp.com) and the electronic filing service GreenFiling Service to the email address set forth below:

■  By depositing the document(s) listed above in a sealed envelope with prepaid postage with the United States Postal Service, or by placing the envelope for collection and mailing following our ordinary business practices.

**Joseph Y Hong**
Hong & Hong Law Office
1980 Festival Plaza Drive, Suite 650
Las Vegas, NV 89135
*Counsel for Plaintiff GOLDEN CREEK HOLDINGS, INC.*

**David T. Blake**
Clear Counsel Law Group
50 S. Stephanie Street, Suite 101
Henderson, NV 89012
*Counsel for Defendant, U.S. Bank Trust National Association not in its Individual Capacity but Solely as Owner Trustee for RCF2 Acquisition Trust*

I am readily familiar with this firm's business practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope, postage prepaid.

☐  By transmitting via my email address (mkane@steelellp.com) the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

I declare under penalty of perjury under the law of the State of Nevada and the United States that the foregoing is true and correct.

/s/Mathew Kane
Mathew Kane