1
2
3
4 **UNITED STATES DISTRICT COURT**
5 **DISTRICT OF NEVADA**
6 * * *
7 GOLDEN CREEK HOLDINGS, INC.,                Case No. 2:24-cv-00177-RFB-NJK
8 Plaintiff,                **ORDER**
9 v.
10 MTC FINANCIAL, INC. D/B/A TRUSTEE
   CORPS, *et al.*,
11
   Defendants.
12
13          Before the Court are Defendant MTC Financial, Inc. d/b/a Trustee Corps ("MTC
14 Financial")'s and Defendant U.S. Bank Trust National Association ("U.S. Bank")'s motions to
15 dismiss. ECF Nos. 9, 13, 23. For the following reasons, the Court denies the first motion as moot
16 and grants the remaining motions.
17     **I.    PROCEDURAL HISTORY**
18          Plaintiff Golden Creek Holdings, Inc. ("Golden Creek") initiated this action on December
19 14, 2023, by filing a Complaint in the Eighth Judicial District Court in Clark County, Nevada. ECF
20 No. 1-1. On January 25, 2024, Defendant U.S. Bank removed the action to this Court. ECF No. 1.
21          On March 12, Defendant MTC Financial filed the instant motion to dismiss. ECF No. 9. On
22 March 26, 2024, Plaintiff responded to the motion and filed the operative Amended Complaint.
23 ECF Nos. 10, 11.
24          On April 10, Defendant MTC Financial filed the instant motion to dismiss the Amended
25 Complaint. ECF No. 13. Plaintiff responded on April 24. ECF No. 17. On July 3, 2024, Defendant
26 U.S. Bank filed the instant motion to dismiss. ECF No. 23. The motion was fully briefed by August
27 30. ECF Nos. 24, 25.
28     **II.   FACTUAL ALLEGATIONS**

The following facts are drawn from Plaintiff's Amended Complaint.

Plaintiff is the owner of real property located at 343 Perry Ellis Drive in Henderson, Nevada ("the Subject Property"). Defendant U.S. Bank claims to be the beneficiary of the Subject Property pursuant to a deed of trust. Defendant MTC Financial acts as the trustee for Defendant U.S. Bank. Plaintiff brings this quiet-title action to challenge the validity of the U.S. Bank's deed of trust.

Plaintiff alleges that the original promissory note, secured by the Subject Property's deed of trust, was endorsed in blank. Plaintiff alleges that Defendant U.S. Bank never held the original promissory note. Thus, when Bank of America "transferred and conveyed" the beneficial interest in the deed of trust to U.S. Bank, it did not do so legitimately. Since U.S. Bank is not the present owner of the promissory note, it therefore has no rights or interest in the deed of trust.

Additionally, Plaintiff alleges that the entire amount due under the promissory note became "wholly due" on or about March 11, 2011. Within 10 years after the balance became wholly due, neither U.S. Bank nor Bank of America foreclosed on the deed of trust as mandated by NRS 106.240. Thus, the time for U.S. Bank to foreclose on the deed of trust has expired.

## III.    LEGAL STANDARD

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Id. at 678 (internal quotation and citation omitted). The Ninth Circuit, in elaborating on

1   the pleading standard described in <u>Twombly</u> and <u>Iqbal</u>, has held that for a complaint to survive

2   dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences

3   from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." <u>Moss v. U.S.</u>

4   <u>Secret Serv.</u>, 572 F.3d 962, 969 (9th Cir. 2009).

5   **IV.    DISCUSSION**

6        The Court turns to the merits of Defendants' motions to dismiss, respectively.

7        **A.  Defendant U.S. Bank's Motion to Dismiss**

8        In the Amended Complaint, Plaintiff alleges four causes of action against Defendant U.S.

9   Bank: (1) quiet title, (2) declaratory relief, (3) injunctive relief, and (4) wrongful foreclosure.

10   Plaintiff presents two theories to support its claims. Plaintiff contends that the Deed of Trust was

11   extinguished under NRS 106.240. Plaintiff also contends that Defendant is not in possession of the

12   original promissory note. The Court grants Defendant U.S. Bank's Motion to Dismiss and

13   dismisses the claims against it with prejudice.

14        **i.  *Note-Related Claim***

15        Plaintiff alleges that U.S. Bank is not in possession of the original promissory note and as

16   a result, the Deed of Trust is a rogue instrument that secures nothing. Defendant argues, *inter alia*,

17   that claim preclusion bars Plaintiff from asserting this argument.

18        The Court finds that the note-related issues have already been litigated in a prior quiet title

19   action in state court.[1] A predecessor to Plaintiff purchased the property at the foreclosure sale,

20   Plaintiff later acquired the property, and Plaintiff then substituted into the underlying interpleader

21   action. In the action, Plaintiff sought a ruling that Bank of America's deed of trust was extinguished

22   by the HOA foreclosure sale. The parties moved for summary judgment. On August 2, 2019, the

23   state district court ruled in Bank of America's favor, concluding that the deed of trust survived the

24   _____

25   [1] The Court takes judicial notice of the Eight Judicial District Court decision dated September 23,
    2019, and the Nevada Court of Appeals decision dated April 12, 2021, as they are a matter of

26   public record. A court may take judicial notice of a fact that is not "subject to reasonable dispute
    in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2)

27   capable of accurate and ready determination by resort to sources whose accuracy cannot
    reasonably be questioned." Fed. R. Evid. 201(b). Under Rule 201 "a court may take judicial notice

28   of matters of public record." <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 689 (9th Cir. 2001).

1    foreclosure sale. That judgment was affirmed by the Nevada Court of Appeals in October of 2021.

2    Then, on December 14, 2023, Plaintiff filed this case in federal court arguing that Defendant U.S.

3    Bank, the successor of Bank of America, did not possess the promissory note secured by the deed

4    of trust. The Court finds that Plaintiff's argument is foreclosed based on claim preclusion.

5         "Claim preclusion makes a valid final judgment conclusive on the parties and ordinarily

6    bars a later action based on the claims that were or could have been asserted in the first case." Boca

7    Park Marketplace Syndications Grp., LLC v. Higco, Inc., 407 P.3d 761, 763 (Nev. 2017). Claim

8    preclusion applies when "(1) the parties or their privies are the same, (2) the final judgment is

9    valid, and (3) the subsequent action is based on the same claims or any part of them were or could

10   have been brought in the first case." Dockins v. Am. Fam. Fin. Servs., Inc., 606 Fed. App'x 877,

11   878 (9th Cir. 2015) (citing Five Star Cap. Corp. v. Ruby, 194 P.3d 709, 713 (Nev. 2008)).

12        Here, all the elements of claim preclusion are met. Plaintiff is the same and Defendant U.S.

13   Bank, as successor-in-interest to Bank of America, is entitled to the protection of claim preclusion

14   in a quiet title action. Regarding the second element, the state court issued a valid final judgment.

15   This action concerns the same property and the validity of the same deed of trust. To the extent

16   that Plaintiff argues that they are raising new claims related to the validity of the promissory note,

17   Plaintiff "'could have' asserted those claims in" the prior litigation. See Golden Creek Holdings,

18   Inc. v. Nationstar Mortg. LLC, 489 P.3d 918, at *1 (Nev. 2021). The only factual circumstance

19   that has changed in the interim is that U.S. Bank, instead of Bank of America, is now the

20   beneficiary of the deed of trust. Plaintiff has thus not demonstrated why "this court should disrupt

21   sound claim preclusion principles[.]" Five Star, 194 P.3d at 716. Therefore, the Court declines to

22   consider Plaintiff's note-related argument because it is barred by claim preclusion.[2]

23   _____

24        [2] The Court notes that, even if the argument were not foreclosed, Plaintiff's argument fails
     as a matter of law. Under Nevada law, it is presumed that a note is transferred with the deed of
25   trust. See, e.g., Jones v. U.S. Bank Nat'l Ass'n as Tr. for TBW Mortg.-Backed Pass-Through
     Certificates, Series 2006-03, 460 P.3d 958, 962 (Nev. 2020) (noting a "general presumption that
26   the note traveled with the deed of trust). Further, Plaintiff's "show-me-the-note" argument has
     been "resoundingly rejected" by courts in Nevada. See Juntilla v. RESI Home Loans IV, LLC, No.
27   2:12-cv-00790-MMD-PAL, 2013 WL 1819636, at *1 (D. Nev. Apr. 29, 2013); Wilmington Sav.
     Fund Soc'y FSB as Tr. For Hilldale Tr. v. Deaver, 86 P.3d 710, at *1 (Nev. 2021) ("Although
28   possession of the original promissory note is generally required to enforce the note, see NRS

ii. *NRS 106.240 Claim*

Plaintiff alleges that Bank of America sent a "notice of intent to accelerate" letter in 2011. The amount due on the promissory note became wholly due and payable as a matter of law in or around September 2011, thus triggering the NRS 106.240 ten-year period. Under this theory, Plaintiff alleges that the Deed of Trust became expunged and/or discharged pursuant to NRS 106.240 when no foreclosure occurred "within the 10 years" after the alleged 2011 trigger date. The Court finds that claim preclusion does not foreclose this claim. Plaintiff could not have brought this claim in the prior lawsuit, as ten years had not yet elapsed, and Defendant does not argue that claim preclusion applies. However, the Court finds that Plaintiff's argument fails as a matter of law.

NRS 106.240 "provides that 10 years after the debt secured by the lien has become 'wholly due' and has remained unpaid, 'it shall be conclusively presumed that the debt has been regularly satisfied and the lien discharged.'" <u>SFR Invs. Pool 1, LLC v. U.S. Bank N.A.</u>, 507 P.3d 194, 195 (Nev. 2022). Thus, "NRS 106.240 operates to extinguish any debt upon real property secured by a deed of trust ten years after the debt becomes due unless an extension is written and recorded." <u>Pro-Max Corp. v. Feenstra</u>, 16 P.3d 1074, 1076 (Nev. 2001).

Nevada law requires a notice of default to be recorded. NRS § 107.080(3) (stating that the 35-day period permitting remediation of the debt "commences on the first day following the day upon which the notice of default and election to sell is recorded in the office of the country recorder"). The Court rejects Plaintiff's reliance on a 2011 "Notice of Intent to Accelerate" letter to show that NRS 106.240 is triggered. This Notice by itself is insufficient to trigger NRS 106.240. <u>See Daisy Tr. v. Fed. Nat'l Mortg. Ass'n</u>, No. 21-15595, 2022 WL 874634, at *2 (9th Cir. Mar. 24, 2022) (finding that NRS 106.240 generally is triggered with recording of notice of default); <u>Golden Creek Holdings, Inc. v. Nationstar Mortg., LLC</u>, No. 23-16121, 2024 WL 808064 (9th Cir. Feb. 7, 2024) (finding that "[w]hether Nationstar issued an unrecorded acceleration in 2011 is legally irrelevant; such an unrecorded notice could not have rendered its debt 'wholly due'"). The debt

104.3301, no such requirement exists to foreclose on a deed of trust. Rather, the authority to foreclose on a deed of trust is established by the deed of trust or an assignment thereof."); <u>see also</u> NRS 107.0805(1)(b) (providing that an entity seeking to foreclose must only attest that it is the holder of the promissory note and "the current beneficiary of record").

1    can only be accelerated through the recording of a notice of default and Plaintiff does not allege

2    that there was a recorded notice at any time before August 24, 2023, when the Notice of Breach

3    was recorded. Therefore, Plaintiff's arguments regarding any acceleration of debt prior to the date

4    that the Notice of Breach was recorded are unavailing. Therefore, Plaintiff's claims are dismissed

5    with prejudice and without leave to amend.

6          **B.  Defendant MTC's Motion to Dismiss**

7          In the Amended Complaint, Plaintiff alleges three causes of action against Defendant

8    MTC: (1) injunctive relief, (2) wrongful foreclose, and (3) violation of NRS 107.028. The Court

9    grants Defendant MTC's Motion to Dismiss for all three causes of action.

10          In their Opposition to the Motion to Dismiss, Plaintiff voluntarily dismisses the injunctive

11    claim, as it is a remedy rather than an independent cause of action, and the wrongful foreclosure

12    claim, as it is not ripe and no foreclosure has occurred. Plaintiff also acknowledges that if the Court

13    adjudicates the NRS 106.240 claim in favor of Defendant U.S. Bank then the cause of action for

14    violation of NRS 107.028 should be adjudicated in favor of Defendant MTC since the violation of

15    NRS 107.028 is derivative to the other claims. The Court agrees.

16          NRS 107.028 requires, *inter alia*, that a trustee "act impartially and in good faith with

17    regard to the deed of trust and shall act in accordance with the law[.]" Nev. Rev. Stat. § 107.028(6).

18    To show that a trustee violated NRS 107.028, a plaintiff must, at minimum, allege facts that the

19    trustee was not acting impartially and in good faith with regard to the deed of trust or was not

20    acting in accordance with the law. In the Amended Complaint, Plaintiff alleges that MTC moved

21    forward with the nonjudicial foreclosure of the Deed of Trust despite knowing that Defendant U.S.

22    Bank is not the owner of the underlying original promissory note and/or that the Deed of Trust

23    was discharged/expunged as a matter of law by operation of NRS 106.240. The Court has already

24    rejected Plaintiff's bases for the NRS 107.028 violation. Additionally, Plaintiff has failed to plead

25    facts showing that MTC did not act impartially or in good faith. The Court thus finds that Plaintiff

26    has failed to adequately plead a violation of NRS 107.028. Because Plaintiff's NRS 107.028 cause

27    of action relies on an argument that the Court rejects as a matter of law, the Court additionally

28    finds that leave to amend would be futile here. Therefore, the Court grants Defendant MTC's

1    motion to dismiss with prejudice.

2        **C. Expunging the Lis Pendens**

3        A lis pendens is a "notice of an action affecting real property" which is pending in a judicial

4    proceeding. <u>See</u> Nev. Rev. Stat. § 14.010(2). Because this Order dismisses all of Plaintiff's claims

5    without leave to amend, the lis pendens no longer serves any purpose. <u>Am. Town Ctr. v. Hall 83</u>

6    <u>Assocs.</u>, 912 F.2d 104, 110 (6th Cir. 1990) ("With the complaint dismissed, the notices of lis

7    pendens no longer served any purpose."); <u>see also</u> <u>Wensley v. First Nat. Bank of Nevada</u>, 874 F.

8    Supp. 2d 957, 968 (D. Nev. 2012) (granting motion to expunge lis pendens after dismissing all

9    claims without leave to amend). Accordingly, U.S. Bank is entitled to the entry of an order

10    expunging the lis pendens recorded against the Subject Property in connection with this lawsuit.

11    **V.    CONCLUSION**

12        For the foregoing reasons, **IT IS ORDERED** that Defendant MTC's Motion to Dismiss,

13    (ECF No. 9), is **DENIED** as moot.

14        **IT IS FURTHER ORDERED** that Defendant MTC's Motion to Dismiss, (ECF No. 13)

15    is **GRANTED**.

16        **IT IS FURTHER ORDERED** that Defendant U.S. Bank's Motion to Dismiss, (ECF No.

17    23), is **GRANTED**.

18        **IT IS FURTHER ORDERED** that Defendants shall submit a proposed order expunging

19    the lis pendens on the Subject Property by **April 18 2025.**

20        Because the Court dismisses Plaintiff's Amended Complaint without leave to amend, the

21    Clerk of Court is instructed to close the case.

22

23    **DATED:** March 29, 2025.

24

25    _____

26    **RICHARD F. BOULWARE, II**
      **UNITED STATES DISTRICT JUDGE**

27

28

- 7 -